UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THE TOWN OF EAST HAMPTON,

                        Plaintiff,                      05-cv-4132
                                                                          (SJF)(WDW)

     -against-

                                                                    **OPINION & ORDER**

FRANCARL REALTY CORPORATION,
VIKING STAR, INC., VIKING STARSHIP,
INC., VIKING QUEST, INC., VIKING GOOD
TIMES, INC., and PAUL G. FORSBERG, SR.,

                      Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

       Plaintiff Town of East Hampton ("Plaintiff" or "East Hampton") initiated this action in New York State Supreme Court, Suffolk County, on July 29, 2005 seeking to enjoin defendants Francarl Realty Corporation ("Francarl"), Viking Star, Inc., Viking Starship, Inc., Viking Quest, Inc., Viking Good Times, Inc. and Paul G. Forsberg, Sr. ("Viking" and together with Francarl, "Defendants") from violating Local Law No. 40-1997 of the Town of East Hampton. Defendants removed the action to this Court on August 29, 2005. For the reasons set forth below, this Court lacks subject matter jurisdiction and the action is remanded to state court.

II.     Background

       Viking owns and operates a company that provides ferry service between an East Hampton ferry terminal and various locations throughout southern New England, including New London, Connecticut, Block Island, Rhode Island, and Martha's Vineyard, Massachusetts.[1] The

---

[1] Unless indicated otherwise, all facts are drawn from Plaintiff's Verified Amended Complaint.

1

East Hampton terminal is owned by defendant Francarl. On December 18, 1997, East Hampton enacted Local Law No. 40 of 1997 (the "Ferry Law") which requires a special permit to, inter alia, "construct, commence to use, or substantially expand a passenger ferry terminal, [or] commence any passenger ferry service." In addition, the Ferry Law prohibits any 'high speed' ferry from docking in East Hampton. A high speed ferry is defined as a ferry with more than two thousand installed horsepower and the capability of traveling in excess of twenty knots.

On June 21, 2005, defendant Forsberg, the owner of Viking, "publicly announced that the Viking Defendants were constructing a new 120-foot ferry to be powered by four 600 horsepower engines which will cruise at a speed of more than 20 knots." (Ver. Am. Cmplt ¶ 10). Forsberg also announced that the Viking Defendants would "commence high-speed ferry service between [a location in East Hampton] and Block, Island, Rhode Island, New London, Connecticut and Martha's Vineyard, Massachusetts on or about August 1, 2005." (Id.). Viking has "neither applied for, nor received a special permit to commence [this] service . . . and no such permit has ever been issued." (Id. ¶ 12).

East Hampton commenced this action in New York State Supreme Court, Suffolk County, on July 29, 2005, seeking to enjoin Defendants from violating the Ferry Law. On August 18, 2005, Suffolk County Supreme Court Justice William B. Rebolini ordered Defendants to show cause on August 31, 2005

> why an Order should not be granted pursuant to Article 63 of the CPLR granting preliminary injunctive relief to [East Hampton] and against the Defendants, enjoining them and each of them, pending the determination of this action, from violating [the Ferry Law] by operating without a special permit, to and from a dock or ferry terminal in the Town of East Hampton any ferry having more than 2,000 installed horsepower and capable of traveling at a speed in excess of 20 knots . . . .

(Aug. 18, 2005 OTSC). Defendants removed the action to this Court on August 29, 2005, claiming jurisdiction under 28 U.S.C. § 1331.

III. Analysis

At the outset, this Court must establish that it has jurisdiction to proceed. Usha (India), Ltd. v. Honeywell Int'l, Inc., 2005 U.S. App. LEXIS 18574, at *7 (2d Cir. 2005) (citing Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse, 996 F.2d 506, 512 (2d Cir. 1993)); 28 U.S.C. § 1447(c); McNally v. Port Auth. (In re WTC Disaster Site), 414 F.3d 352, 365 (2d Cir. 2005). Upon a finding that subject matter jurisdiction is lacking, the Court must remand the case to state court at any time before final judgment has been entered. 28 U.S.C. § 1447(c). . Defendants' Notice of Removal claims jurisdiction under 28 U.S.C. § 1331, which grants this Court jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to Defendants,

> [a]n essential element of [East Hampton's application for an injunction] is that East Hampton must establish that the Ferry Law is constitutionally valid and must make a showing of a likelihood of success on the merits. This element raises substantial questions of federal law, namely, whether the Ferry Law is a valid, enforcement [sic], and constitutional enactment.

(Not. Rem. ¶ 1).

Under the 'well-pleaded complaint' rule, federal courts only have jurisdiction to hear actions in which a "well-pleaded complaint asserts a federal claim on its face." City of Rome v. Verizon Communs., Inc., 362 F.3d 168, 174 (2d Cir. 2004) (citing Beneficial National Bank v. Anderson, 539 U.S. 1 (2003)).[2] "[T]he mere existence or invocation of a federal defense does

---

[2] There are two exceptions to the 'well-pleaded complaint' rule: "[(1)] when Congress expressly so provides, such as in the Price-Anderson Act which deals with nuclear accidents . . . or [(2)] when a federal statute wholly displaces the state-law cause of action through complete pre-emption." City of Rome, 362 F.3d at 176 (citing Beneficial Nat'l Bank, 123 S. Ct. at 2063). Neither exception is applicable here.

not furnish a sufficient basis for jurisdiction to attach." City of Rome, 362 F.3d at 174; see also Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 153-54 (1908).

A plaintiff's election to bring its claims in a state forum should generally be respected. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Taylor v. Anderson, 234 U.S. 74, 75-76 (1914). Furthermore, "[i]t is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Korsinsky v. Salomon Smith Barney Inc., 2002 U.S. Dist. LEXIS 259, No. 01 Civ 6085, 2002 WL 27775, at *2 (S.D.N.Y. Jan. 10, 2002) (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

East Hampton's Verified Amended Complaint seeks injunctive relief enjoining Defendants from violating the Ferry Law. These claims are undeniably state law claims and seek relief pursuant to New York state law. The only federal issues are those raised by Defendants: that the Ferry Law allegedly runs afoul of, inter alia, the federal constitution and federal statute. This is exactly the type of "federal defense [that] does not furnish a sufficient basis for jurisdiction to attach." City of Rome, 362 F.3d at 174; see also Empire Healthchoice Assur., Inc. v. McVeigh, 396 F.3d 136, 140 (2d Cir. 2005) ("The existence of a federal question must be determined solely by reference to the plaintiff's own claim - not by reference to statements raised in anticipation or avoidance of possible defenses that may be interposed.") (citations omitted)); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); Alcantara v. Allied Props., LLC, 334 F. Supp. 2d 336, 340 (E.D.N.Y. 2004) (Weinstein, J.) ("The Supreme Court has ruled that a case may not be removed

4

to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (quoting Caterpillar Inc., 482 U.S. at 392) (quotations omitted). Moreover, and although two "Ferry Law" actions are currently pending before this Court, Francarl Realty Corporation et al v. The Town of East Hampton, 05-cv-1792 (SJF)(WDW) and Town of Southold et al v. Town of East Hampton, 04-cv-4860 (SJF)(WDW), mere notions of judicial efficiency are insufficient to confer subject matter jurisdiction. Worrell v. New Jersey Transit Bus Operations, 1987 U.S. Dist. LEXIS 474, at *12-13 (D.N.J., Jan. 29, 1987) ("Neither concerns for judicial efficiency or party convenience can overcome the court's lack of subject matter jurisdiction.")

IV.  Conclusion

For the reasons set forth above, this action is hereby remanded to the Supreme Court of the State of New York, County of Suffolk. The Clerk of the Court is directed to close this case.

Sandra J. Feuerstein
United States District Judge

Dated: October 1✓, 2005
Central Islip, New York

To:

Michael B. Gerrard
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

Richard C. Cahn
Cahn & Cahn, LLP
445 Broadhollow Road
Suite 332
Melville, NY 11747-9034

Steven Barshov
Sive, Paget & Riesel, P.C.
460 Park Avenue
10th Floor
New York, NY 10022-1906